IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,482-01, WR-76,482-02, WR-76,482-03 & WR-76,482-04






EX PARTE YOCCIO ACOSTA, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 20100D03951-DCR1-1, 20090D05731-DCR1-1, 20060D01825-DCR1-1
& 20100D00927-DCR1-1

 IN THE CRIMINAL DISTRICT COURT #1

FROM EL PASO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered pleas of guilty and true to
one charge of burglary of a habitation, one charge of delivery of a simulated controlled substance,
a violation of conditions of community supervision in a possession of marijuana case, and one charge
of assault with family violence. He was sentenced to three years' imprisonment for the burglary of
a habitation charge, the possession of marijuana charge, and the assault charge, and six months' state
jail for the delivery of a simulated controlled substance charge, all running concurrently. He did not
appeal his convictions.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
labored under a conflict of interest when he represented Applicant in these cases, and put the
interests of other clients above those of Applicant. Applicant also alleges that counsel was aware 
that in each case (with the exception of the revocation) that Applicant either had valid defenses to
the charges, or that the State had insufficient evidence to prove the charges. However, Applicant
alleges that counsel convinced Applicant to plead guilty to the charges with the threat of greater
sentences. Applicant also alleges that counsel was aware that there were federal charges pending
against Applicant at the time of these state charges, but that counsel failed to advise Applicant of this
fact, and failed to advise him of the consequences that these pleas would have in Applicant's federal
case.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel was aware of any potentially
meritorious defenses to these charges, and if so, whether he advised Applicant of those possible
defenses. The trial court shall make findings as to whether counsel was serving under an actual
conflict of interest during his representation of Applicant in these cases, and if so, whether such
conflict affected counsel's performance. The trial court shall make findings as to whether counsel
was aware that there were federal charges pending against Applicant at the same time as these
charges, and if so, whether he advised Applicant of the possible effect of his pleas in these cases on
such federal charges. The trial court shall make findings as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 12, 2011

Do not publish